IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DOUGLAS D. RAGSDALE**     **PLAINTIFF**

**V.**     **NO: 3:19CV254-M-V**

**MISSISSIPPI STATE, ET AL.**     **DEFENDANTS**

**ORDER**

THIS CAUSE is before the Court on the State of Mississippi and Mickey Mallette's motion to dismiss [10]. This Court has reviewed the motion, along with relevant authorities and is now prepared to rule.

**Factual Background**

On November 12, 2019 Douglas Ragsdale commenced this action by filing his complaint against the State of Mississippi, Mickey Mallette an Assistant District Attorney, Gage Vance a Lafayette County Narcotics Agent, and Lafayette County, Mississippi. Lafayette County was never served.

In his complaint, Ragsdale alleges that on September 20, 2016 the Lafayette County Narcotics Unit and the Lafayette County Sheriff entered and searched a Como, MS home that he and several others were in without a warrant. [1] After the search, the plaintiff and another, Detrone Ragsdale, were arrested and taken to the Lafayette County Detention Center. [1] Ragsdale further alleges that five months passed before he was arraigned. [1] In those five months, Gage Vance applied for and was granted two additional warrants without probable cause. [1] It is unclear to the Court what type of warrants were issued, as the plaintiff referred to them as "body warrants" and the defendants were silent on the issue. After the indictment and arraignment, Ragsdale requested discovery from the State, and was not given it. [1] Then,

1

suddenly on October 4, 2019, the case against Ragsdale was dismissed.

## Discussion

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction over a case. "[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Hays v. LaForge,* 113 F.Supp. 883, 889 (N.D. Miss. 2015).

The Fifth Circuit has stated:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

*Id.* at 889-90; citing *Smith v. Reg'l Transit Auth.,* 756 F.3d 340, 347 (5th Cir. 2014). More specifically, the Fifth Circuit has clarified that in ruling on a Rule 12(b)(1) motion, a district court "may rely on the (1) complaint alone, presuming allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the Court's resolution of disputed facts." *Hays v. LaForge,* 113 F.Supp. 883, 890 (N.D. Miss. 2015); citing *Freeman v. United States,* 556 F.3d 326, 334 (5th Cir. 2009).

**I.      State of Mississippi**

In its motion to dismiss, the State of Mississippi (hereinafter, "the State") contends that it is entitled to sovereign immunity on the plaintiff's 42 U.S.C §1983 suit.

The Eleventh Amendment "strips courts of jurisdiction over claims against a state that has not consented to suit." *Pierce v. Hearne Indep. Sch. Dist.,* 600 Fed.Appx. 194, 197 (5th

Cir. 2015). The Eleventh Amendment states, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Fifth Circuit has explicitly stated "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n,* 662 F.3d 336, 340 (5th Cir. 2011).

Even more specifically, "[t]he [Eleventh] amendment has been judicially construed to bar federal jurisdiction over suits brought against a state by its own citizens, despite the absence of language to that effect." *Hays v. LaForge,* 113 F.Supp. 883, 891 (N.D. Miss. 2015). Simply stated, "[b]oth federal and state law claims are barred from being asserted against a state in federal court." *Id.*

As such, all of the plaintiff's claims against the State of Mississippi are barred by the Eleventh Amendment and are due to be dismissed.

## II.     Mickey Mallette

The various Federal Courts of the United States have discussed at length whether prosecutors enjoy qualified or absolute immunity to suit under 42 U.S.C. §1983. The Supreme Court of the United States extended absolute immunity for §1983 claims to state prosecutors in *Imbler v. Pachtman,* 424 U.S. 409 (1976). Notably, in *Imbler*, a criminal defendant whose conviction was overturned; sued the prosecutor, police officers and a fingerprint expert, alleging that they conspired to unlawfully charge and convict him. *Id.* at 415-16. The Supreme Court ultimately concluded that "state prosecutors are absolutely immune from §1983 damages claims based on activities 'intimately associated with the judicial phase of the

3

criminal process." *Id.* at 430.

This immunity goes so far as to include the decision to file or not file criminal charges, and when to file them. *Quinn v. Roach,* 326 Fed.Appx. 280, 292 (5th Cir. 2009). In *Quinn,* the District Attorney defendants waited fifteen months after the arrest to seek an indictment, and the decision to do so was still covered by prosecutorial immunity. *Id.*

In Ragsdale's complaint, he alleges that five months passed between the arrest and indictment; which is considerably less time than what was found to be within reason in the *Quinn* case. As such this Court cannot find that the length of time between Ragsdale's arrest and indictment removes Mallette's immunity from suit.

In his response, Ragsdale makes several other specific allegations against Mallette including that he "indicted Ragsdale without evidence of a crime," "he indicted Ragsdale without original warrant," and that he "indicted Ragsdale without probable cause." None of these allegations, if presumed to be true, would affect Mallette's immunity protections. How a district attorney presents a case and what evidence a district attorney presents to a grand jury when seeking an indictment are certainly two "activities intimately associated with the judicial phase of the criminal process." As such, this Court finds that the allegations regarding what Mallette might have presented to the grand jury to get the indictment against Ragsdale were within the protected activities of prosecutorial immunity.

Ragsdale has not made any factual allegations in his complaint which would take Mallette's actions outside of activities "intimately associated with the judicial phase of the criminal process." As such, Mickey Mallette is entitled to prosecutorial immunity, and all claims against him in this suit shall be dismissed.

Further, while in his complaint and response to the motion to dismiss it appears that

4

Ragsdale is only making a claim against Mallette in his individual capacity, this Court finds it necessary to clarify that a claim against Mallette in his official capacity would also be dismissed. The Eleventh Amendment, as it is applied to bar claims against states, has also been interpreted to bar suits against state agencies or officials for which monetary damages would be recovered from state funds. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). Specifically, Mississippi district attorney offices are primarily state-funded and as a result the Fifth Circuit has specifically held that Mississippi district attorneys are state officials entitled to Eleventh Amendment immunity. *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare,* 925 F.2d 844, 849 (5th Cir. 1999). As such, Mickey Mallette in his official capacity is also entitled to dismissal.

The State of Mississippi enjoys sovereign immunity from suit under the Eleventh Amendment. Mickey Mallette is entitled to prosecutorial immunity from suit as an individual and Eleventh Amendment protection in his official capacity. As such, the defendants' motion to dismiss is **GRANTED**, and all claims against the State of Mississippi and Mickey Mallette shall be dismissed with prejudice.

**IT IS SO ORDERED AND ADJUGED** this 24th day of September 2020.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**